UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MICHAEL DE'SEAN GREGORY,
Institutional ID No. 02408039

                Plaintiff,

v.

TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, JOHN
MIDDLETON UNIT, *et al.*,

                Defendant.

No.  1:22-CV-00156-H-BU

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation that the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's complaint and all remaining claims on exhaustion grounds.  Dkt. No. 91. The Magistrate Judge also recommended that the court deny Plaintiff's motions to expedite, for appointment of counsel, and for assistance in scheduling mediation.  Dkt. Nos. 88, 89, 90.  Plaintiff objected.  Dkt. Nos. 92, 93.  As explained below, the Court overrules Plaintiff's objections and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).  In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error.

Plaintiff asserts that his complaint should not be dismissed on exhaustion grounds. He contends that he did attempt to exhaust his administrative remedies, but he never received any response. He contends that, contrary to the record evidence, that he filed relevant Step-1 and Step-2 grievances, but neither was never returned to him. He does not provide any information about the substance of the relevant grievances or explain when he allegedly filed them.

Plaintiff's self-serving allegations are unsubstantiated, unverified, and unsworn. And it is well established that "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). In short, Plaintiff may not create a genuine issue of material fact with unsupported allegations, especially when they lack even a declaration under penalty of perjury.

The Court conducted an independent, de novo review of the relevant portions of the record and the Magistrate Judge's report. The Court also independently examined the record and reviewed the unobjected-to portions of the Magistrate Judge's findings, conclusions, and recommendation for plain error, and found none. The Court concludes the Magistrate Judge's findings and conclusions are correct and overrules Defendant's objections. The record demonstrates beyond peradventure that Plaintiff failed to exhaust his administrative remedies as required. Moreover, it shows that the process was available to him, that he understood it, and that he used it to address other matters. Here, he chose to file his federal suit before completing the administrative grievance process. Thus, as

thoroughly explained by the United States Magistrate Judge, the defendant is entitled to summary judgment, and Plaintiff's complaint must be dismissed for failure to exhaust.

For these reasons, the Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge. As a result, Defendants' motion for summary judgment, Dkt. No. 80, is granted, and Plaintiff's complaint and all claims asserted within it are dismissed with prejudice. Any relief not expressly granted is denied, and any other pending motions are denied. *See* Dkt. Nos. 88, 89, 90.

The Court will enter judgment accordingly.

So ordered.

Dated April 21, 2025.

_____
JAMES WESLEY HENDRIX
United States District Judge

3